1   John W. Phillips (SBN # 92992)
    Patrick Phillips (SBN # 265573)
2   **LAW OFFICE OF JOHN W. PHILLIPS**
    5850 Canoga Avenue, Suite 400
3   Woodland Hills, CA 91367
    Telephone: (818) 348-9515
4   Facsimile: (818) 706-3727
5
6   Attorney for Plaintiff,
    **PETER JUSTIN LANG**
7

8                **UNITED STATES DISTRICT COURT**
9               **NORTHERN DISTRICT OF CALIFORNIA**

10  PETER JUSTIN LANG,                    Case No.

11                                        CV 12 0983
            Plaintiff,
12                                        **COMPLAINT FOR DAMAGES AND**
    vs.                                   **DEMAND FOR JURY TRIAL**
13
    COUNTY OF SONOMA; SONOMA              *Complaint filed: February 22, 2012*
14  COUNTY SHERIFF'S OFFICE; ERIC
15  SALKIN; CHRISTOPHER HAAS; MARK
    FUSTON,
16
17         Defendants.

18

19         PLAINTIFF PETER JUSTIN LANG ("Plaintiff"), by and through his attorneys, Law

20  Office of John W. Phillips, states the following as his Complaint against DEFENDANTS

21  SONOMA COUNTY SHERIFF'S OFFICE, COUNTY OF SONOMA, ERIC SALKIN,
22
23  CHRISTOPHER HAAS, and MARK FUSTON ("Defendants"):

24                          **JURISDICTION**

25         1.      This is a civil rights action that arises from Defendants' unreasonable seizure and
26
    use of excessive force against Plaintiff on June 8, 2011 at approximately 9:00 p.m.  The
27
28  Defendants' actions constitute a deprivation of civil rights under color of law, and Plaintiff

                    PLAINTIFF'S COMPLAINT FOR DAMAGES                    Page 1

1   brings this action pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth

2   Amendments to the United States Constitution. The jurisdictional basis for Plaintiff's claim is

3   28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional

4   provisions. Plaintiff further invokes supplemental jurisdiction of this Court pursuant to 28

5

6   U.S.C. § 1367 to hear and decide claims arising under California law.

7                              **INTRADISTRICT ASSIGNMENT**

8       2.     A substantial part of the events and/or omissions complained of herein occurred

9
10  in Sonoma County, California. Therefore, this action is properly assigned to the San Francisco

11  Division of the United States District Court for the Northern District of California.

12                              **PARTIES AND PROCEDURE**

13      3.     Plaintiff is a resident of the State of California. At the time of this incident,

14
15  Plaintiff was a carpenter and manufacturer of custom woodwork furnishings. He was working

16  full-time.

17      4.     Defendant Sonoma County is a public entity established and maintained by the

18
19  laws and Constitution of the State of California. Defendant Sonoma County owns, operates,

20  manages, directs, and controls the Sonoma County Sheriff's Office ("SCSO") and employs

21  and/or is reasonably responsible for the other Defendants in this action.

22      5.     Defendant SCSO is, and at all times herein mentioned was, a municipal entity

23
24  in the County of Sonoma in the State of California, and is wholly owned and operated by the

25  County of Sonoma.

26      6.     Defendant Sheriff's Deputy Eric Salkin ("Salkin") was at all materials times

27
28  employed as a Sheriff's deputy by Defendants Sonoma County and SCSO and was acting

                      PLAINTIFF'S COMPLAINT FOR DAMAGES                              Page 2

within the course and scope of that employment.

7.  Defendant Sheriff's Deputy Christopher Haas ("Haas") was at all material times employed as a Sheriff's deputy by Defendants Sonoma County and SCSO and was acting within the course and scope of that employment.

8.  Defendant Sheriff's Deputy Mark Fuston ("Fuston") was at all material times employed as a Sheriff's deputy by Defendants Sonoma County and SCSO and was acting within the course and scope of that employment.

9.  The true names and capacities of Defendants sued herein as Does 1-10 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when Plaintiff ascertains that information. Each Doe Defendant was an employee/agent of Sonoma County and the SCSO and at all material times acted within the course and scope of that relationship.

10.  Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings hereinafter described and proximately caused injuries and damages to Plaintiff. Further, one or more Doe Defendants were at all material times responsible for the hiring, training, supervision and discipline of Defendants and other Doe Defendants.

11.  Plaintiff is informed, believes and thereon alleges that each of the Defendants, unless otherwise stated, was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

informed, believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

12.     At all material times unless otherwise mentioned, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

13.     The acts and omissions of Defendants Salkin, Haas, Fuston and Does 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of Sonoma County and SCSO.

14.     This Complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

**GENERAL ALLEGATIONS**

15.     Plaintiff re-alleges each and every paragraph in this Complaint as if fully set forth herein.

16.     Plaintiff's claim arises from an incident that took place on Old Redwood Highway approaching Pacific Heights Drive in Santa Rosa, California. The incident occurred as follows: Plaintiff's wife, Alicia Lang, called the Sonoma County Sheriff's Office to advise that Plaintiff had been drinking and was seated behind the wheel of his vehicle in the driveway of their home, possibly about to drive under the influence of alcohol. Two Sonoma County Sheriff Deputies, identified as Defendants Salkin and Haas, responded to Plaintiff's residence and detained him nearby without incident.

PLAINTIFF'S COMPLAINT FOR DAMAGES                    Page 4

17.     While detaining Plaintiff for a DUI investigation, Defendants Salkin and Haas, wrongfully and intentionally assaulted Plaintiff with such force as to inflict great bodily injury, including a fracture to his knee, a fracture to his shoulder, and numerous lacerations to his head and face.

18.     First, in an act of excessive and unlawful force, one or both Defendants threw Plaintiff to the ground, fracturing his shoulder, and then handcuffed him behind his back. Although Plaintiff offered no resistance, Defendant Salkin struck numerous closed-fisted blows to Plaintiff's face and head. Simultaneously, Defendant Haas delivered numerous full-force baton blows to Plaintiff's knees. Use of this level of force was likely to produce great bodily injury, which did in fact result. The use of this force was particularly unnecessary because Plaintiff was incapacitated, handcuffed behind his back, in a fully prone position on the ground unable to resist and entirely defenseless.

19.     The use of force against Plaintiff by Defendants Salkin, Haas and Does 1-10 was unreasonable, unnecessary, illegal, excessive, and constituted a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

20.     As this incident occurred on the street, two percipient witnesses telephoned '911' emergency services and reported the illegal conduct of the officers. Shortly thereafter, defendant Sheriff's Deputy Mark Fuston was informed of these witnesses and engaged a course of conduct to dissuade them from accurately testifying, informing them, among other things, that the Plaintiff was a "wife beater" who had attempted to take the officer's gun and steal their car, and that he was previously convicted of assaulting a peace officer. None of these facts were true.

21.   Following Plaintiff's arrest, Defendants Salkin, Haas and Fuston conspired and agreed to allege in a crime report to the District Attorney of Sonoma County that Plaintiff had committed various felonies, which they knew to be untrue, for the purpose of concealing the excessive force Defendants Salkin and Haas perpetrated upon Plaintiff, and to create a false sense of justification for the degree of that force that they employed.

22.   As a result of the false representations contained within the Arrest Narrative Reports that Defendants Salkin, Haas and Fuston submitted, the Sonoma County District Attorney filed three felony counts against Plaintiff. These counts, which are contained within People of the State of California versus Peter Justin Lang (Sonoma County Case Number SCR602847), alleged that the Plaintiff had committed felony violations of Penal Code Sections 69 and 243(c)(2). Consequently, Plaintiff was compelled to retain counsel and to incur legal fees.

23.   During the preliminary hearing on the three felony counts, the trial court judge heard testimony from Defendant Salkin for the Prosecution and from one of the two aforementioned percipient witnesses from the Defense. Following the evidentiary presentation, the trial court judge dismissed Count One and reduced to misdemeanors Counts Two and Three pursuant to Penal Code Section 17(b).

24.   Following the preliminary hearing, the District Attorney discovered that Defendant Salkin had testified falsely throughout a portion of his testimony regarding a prior credibility issue. This issue directly involved a former deputy District Attorney who had since become a Superior Court judge.

25.   The Sonoma County District Attorney and the Superior Court judge submitted

declarations to the Court for inclusion in the court file attesting to the false testimony of Defendant Salkin. The assigned deputy District Attorney moved the court to dismiss the remaining two allegations of battery on a peace officer. The specific ground for the dismissal request was "in the interests of justice." The dismissal of these two remaining charges was granted by the Court. (Mr. Lang pled no contest to V.C Section 23152b, and received a sentence in compliance with California law for first offenders.)

26. The conduct of Defendants Salkin, Haas, and Fuston, both in regard to Plaintiff's beating and their ensuing attempt to conceal its unlawfulness, was malicious, wanton, oppressive and accomplished with a conscious disregard for the rights of Plaintiff, thus warranting the imposition of punitive damages.

27. The defamatory statements that Defendant Fuston made regarding Plaintiff's history of spousal abuse, as alleged above, were completely unfounded and made with the intent to conceal the true nature of Plaintiff's altercation with Defendants Salkin and Haas. Defendant Fuston's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, thus warranting the imposition of punitive damages.

28. Plaintiff has required continuing medical treatment for the injuries he sustained as a result of Defendants' conduct and has incurred substantial medical bills. Further, Plaintiff's injuries have prevented him from working as a carpenter, resulting in a significant loss of income.

29. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among

others:

    a.     Physical pain and suffering;

    b.     Emotional pain and suffering;

    c.     Medical expenses;

    d.     Loss of past and future income;

    e.     Violation of constitutional rights;

    f.     Legal fees in defense of the criminal action;

    g.     All damages and penalties recoverable under 42 USC §§ 1983 and

1988, and as otherwise allowed under California and United States statutes, codes and common

law.

    30.     Plaintiff filed a timely claim with Defendant Sonoma County pursuant to

California Government Code § 910 et seq. on December 5, 2011. Defendant Sonoma County

rejected that claim on January 19, 2012 by failing to respond within 45 days as required by

California Government Code section 912.4(a).

## FIRST CAUSE OF ACTION

### Violation of Civil Rights, 42 U.S.C. § 1983
### (Defendants Salkin, Haas and Fuston)

    31.     Plaintiff realleges and incorporates each and every paragraph in this

Complaint as though fully set forth herein.

    32.     Defendants Salkin and Haas used unreasonable, unnecessary, illegal, and

excessive force against Plaintiff, constituting a violation of Plaintiff's rights under the Fourth

and Fourteenth Amendments to the United States Constitution.

33.     The above-referenced use of force against Plaintiff has caused and will continue to cause him to incur substantial physical, emotional and financial injuries.

34.     The above-referenced conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, thus warranting the imposition of punitive damages

## SECOND CAUSE OF ACTION

### Supervisory and Municipal Liability for Violation of Civil Rights, 42 U.S.C. § 1983 (Sonoma County, Sonoma County Sheriff's Office)

35.     Plaintiff realleges and incorporates each and every paragraph in this Complaint as though fully set forth herein.

36.     Plaintiff alleges on information and belief that the following unconstitutional actions and/or omissions of Defendants Salkin, Haas and Fuston and Does 1-10, as well as other officers employed by or acting on behalf of Defendants Sonoma County and Sonoma County Sheriff's Office, were pursuant to the customs, policies, practices, and/or procedures of SCSO, which were directed, encouraged, allowed and/or ratified by policy-making officers for Sonoma County and the Sonoma County Sheriff's Office:

a.      Using or tolerating the use of excessive and/or unjustified force, including the use of batons, offensive tactics, and application of control holds during the seizure of a person;

b.      Engaging in or tolerating unreasonable seizures;

c.      Failing to institute, require and enforce proper training and adequate supervision policies, and procedures concerning subparagraphs (a) and (b) above;

d.      Covering up violations of constitutional rights by any or all of the

PLAINTIFF'S COMPLAINT FOR DAMAGES                                          Page 9

following means:

    i.   Failing to properly investigate and/or evaluate complaints of incidents of unlawful seizures and excessive force;

    ii.  Ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

    iii. Allowing, tolerating, and/or encouraging police officers to file incomplete or inaccurate police reports; false police reports, make false statements, intimidate, bias and/or "coach" witnesses to give false information and/or attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct by withholding and/or concealing material information.

    e.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and Sheriff's Department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and

    f.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code section 910 et seq.

    37.   Defendants Sonoma County, SCSO, and Does 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants Salkin, Haas, Fuston, and Does 1-10, and other law enforcement personnel, with deliberate

indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

38.     Policy-making officers for SCSO approved, tolerated and/or ratified the unconstitutional actions and/or omissions of Defendants Salkin, Haas, Fuston, Does 1-10, and other law enforcement personnel. Plaintiff is informed, believes and thereupon alleges that the details of this incident have been revealed to the authorized policy makers within Sonoma County and SCSO and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within Sonoma County and SCSO have approved of the conduct of Defendants Salkin, Haas Fuston, Does 1-10 and other SCSO personnel and have made a deliberate choice to endorse the decisions of those defendant officers and the bases for their decisions. By so doing, the authorized policy makers within Sonoma County and SCSO have shown affirmative agreement with the individual defendant officers' actions and have ratified the unconstitutional acts of the individual defendant officers.

39.     The aforementioned customs, policies, practices, and procedures, and the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants Sonoma County, SCSO, and Does 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in the paragraphs above.

40.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with conscious disregard for whether

the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

40.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants Sonoma County, SCSO and Does 1-10 as described above, Plaintiff sustained serious injuries that now warrant the imposition of penalties, costs, attorney fees, and damages paid to Plaintiff.

### THIRD CAUSE OF ACTION

#### Violation of Civil Code § 52.1
#### (All Defendants)

41.     Plaintiff realleges each and every paragraph in this Complaint as if fully set forth herein.

42.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution.

a.     The right to be free from unreasonable searches and seizures as the Fourth and Fourteenth Amendments provide;

b.     The right to be free from excessive and unreasonable force in the course of arrest or detention for which the Fourth and Fourteenth Amendments provide;

c.     The right to enjoy and defend life and liberty, acquire possess and protect property, and pursue and obtain safety, happiness and privacy, for which the California Constitution, Article 1, Section 1 provides;

d.     The right to be free from unlawful and unreasonable seizure of one's person for which the California Constitution, Article 1, Section 13 provides;

1               e.     The right to be free from unreasonable or excessive force, for which the

2    California Constitution, Article 1, Section 13 provides;

3               f.     The right to protection from bodily restraint, harm, or personal insult, for

4
5    which California Civil Code § 43 provides.

6         43.     As a direct and proximate result of Defendants' violation of California Civil

7    Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and

8    statutes, Plaintiff sustained injuries and damages and is entitled to relief as set forth above and
9
10   to all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to

11   costs, attorney fees, treble damages, and civil penalties.

12   **FOURTH CAUSE OF ACTION**
13   **Negligence Resulting in Personal Injuries**
     **(All Defendants)**
14
15        44.     Plaintiff realleges each and every paragraph in this Complaint as if fully set

16   forth herein.

17        45.     At all times, each Defendant owed Plaintiff the duty to act with due care in the
18
19   execution and enforcement of any right, law, or legal obligation.

20        46.     At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

21        47.     These general duties of reasonable care and due care owed to Plaintiff by *all*

22   Defendants include but are not limited to the following specific obligations:
23
24              a.     To refrain from using excessive and/or unreasonable force against

25   Plaintiff;

26              b.     To refrain from wrongfully arresting and/or detaining Plaintiff;
27
                c.     To use generally accepted police procedures and tactics that are
28

1    reasonable and necessary under the circumstance;

2            d.      To refrain from abusing the authority granted to them by law; and

3            e.      To refrain from violating Plaintiff's rights guaranteed by the United

4    States and California Constitutions, as set forth above, and as otherwise protected by law.

5
6        48.     Additionally, these general duties of reasonable care and due care owed to

7    Plaintiff by Defendants Sonoma County, SCSO, and Does 1-10 include but are not limited to

8    the following specific obligations:

9
10           a.      To properly and adequately hire, investigate, train, supervise, monitor

11   and discipline their employees, agents, and/or SCSO officers to ensure that those

12   employees/agents/officers act at all times in the public interest and in conformance with the

13   law;

14
15           b.      To make, enforce, and at all times act in conformance with policies and

16   customs that are lawful and protective of individual rights, including the rights of Plaintiff; and

17           c.      To refrain from making, enforcing, and/or tolerating the wrongful

18   policies and customs set forth above.
19
20       49.     Defendants, through their acts and omissions, breached each and every one of

21   the aforementioned duties owed to Plaintiff.

22       50.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained
23
24   injuries and damages, and is entitled to relief as set forth above.

25                         **FIFTH CAUSE OF ACTION**
                              **Assault and Battery**
26                            **(All Defendants)**

27
28       51.     Plaintiff realleges each and every paragraph in this Complaint as if fully set

forth herein.

52. The actions and omissions of Defendants as set forth above constitute assault and battery.

53. As a direct and proximate result of Defendants' assault and battery of Plaintiff, he sustained significant injuries and damages and is entitled to relief as set forth above.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (All Defendants)

54. Plaintiff realleges each and every paragraph in this Complaint as if set forth fully herein.

55. In addition to Plaintiff's medical and physical distress, Plaintiff has suffered severe emotional distress proximately caused by Defendants' extreme and outrageous conduct as set forth above and including but not limited to the use of excessive force against Plaintiff and the fabrication of evidence regarding the circumstances of Plaintiff's arrest, resulting in the filing of meritless criminal charges against him.

56. Defendants engaged in the aforementioned conduct with a wanton and reckless disregard for the prospect of causing Plaintiff emotional distress and with knowledge that Plaintiff would incur severe emotional distress as a result of their conduct.

57. As a direct and proximate result of Defendants' intentional infliction of emotional distress on Plaintiff, he sustained injuries and damages and is entitled to relief as set forth above.

WHEREFORE, Plaintiff respectfully requests the following relief against each and

every Defendant herein, jointly and severally:

a. Compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b. Punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just and reasonable;

c. All other damages, penalties, costs, interest and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civ. Code §§ 52 et seq., Cal. Code of Civ. Proc. § 1021.5, and as otherwise may be allowed by California and/or federal law.

d. Injunctive relief, including but not limited to the following:

   i. An order prohibiting Defendants and their sheriff's deputies from unlawfully interfering with the rights of Plaintiff, and in any other manner attempting to intimidate or harass Plaintiff; and

   ii. An order prohibiting Defendants and their sheriff's deputies from engaging in a "code of silence" as may be supported by the evidence in this case.

e. Such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

DATED: February 22, 2012          LAW OFFICE OF JOHN W. PHILLIPS

                                  JOHN W. PHILLIPS
                                  **Attorney for Plaintiff Peter Justin Lang**