UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JUSTIN LANG,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 12-cv-00983-TEH (MEJ)<br><br>**ORDER RE: REMOVAL OF CONFIDENTIALITY CLAUSE FROM SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 52 |

    Plaintiff Peter Justin Lang brought this excessive force case under 42 U.S.C. § 1983 against the County of Sonoma, the Sonoma County Sheriff's Office, and three individual officers related to his arrest on June 8, 2011. The parties resolved the case during a settlement conference before the undersigned on October 11, 2013. Dkt. No. 47. As part of the settlement, the parties agreed to a confidentiality provision preventing Plaintiff from publicly disclosing the payment of any settlement amount unless good cause is shown.

    Now before the Court is Plaintiff's Motion for the Removal of the Confidentiality Clause from the Settlement Agreement. Dkt. No. 52. In his Motion, Plaintiff maintains that his counsel initially opposed the inclusion of the non-disclosure agreement, but he consented upon the premise that it was necessary to avoid adverse publicity prior to approval by the Sonoma County Board of Supervisors, and that the provision would be subject to being removed upon a showing of good cause. Mot. at 2-3. Plaintiff argues that good cause exists for removal of the confidentiality provision. *Id.* at 3-5. Defendants filed an Opposition to Plaintiff's Motion on May 29, 2014 (Dkt. No. 57), and Plaintiff filed a Reply on June 3, 2014 (Dkt. No. 58).

    Plaintiff first argues that he and his wife deserve the right to speak openly and honestly about the facts and resolution of the case, and that the public has a right to know this information. Mot. at 3. However, the confidentiality clause only precludes Plaintiff and his wife from

1 discussing the terms of the settlement, including the settlement payment. Therefore, they are free
2 to discuss openly their version of what occurred and their theories of the case. Plaintiff and his
3 wife can discuss with the public that they feel Plaintiff was subjected to excessive use of force,
4 their belief that Defendant Deputy Eric Salkin was not honest at Plaintiff's preliminary hearing,
5 their belief that the Sheriff's Office took no disciplinary action against deputies or otherwise
6 responded improperly, and they can respond to media inquiries about the case.

Plaintiff also argues that "[t]he public has a right to know that deputy Sheriffs perpetrated violence upon an unarmed, handcuffed man, and that public funds were diverted from general usage to compensate for the misdeeds of those deputy Sheriffs." *Id*. However, in making this argument, Plaintiff is attempting to use the settlement agreement to establish his claims. By entering into the settlement agreement, no party admitted liability or wrongdoing – Plaintiff gave up the right to have a jury determine the validity of his claims, and Defendants gave up the right to defend themselves. The Court therefore finds it improper to permit Plaintiff or his wife to divulge the settlement amount, implying that Defendants admit liability.

Plaintiff also asserts that there is a pending FBI "investigation into the conduct of responsible officers" and that Plaintiff and his wife have the right to speak openly and freely to FBI agents and the United States Attorney General "without fear that their statements could be repeated privately or publicly and wrongfully attributed to themselves in violation of the Confidentiality clause, thereby risking a forfeiture of their compensatory damages." *Id.* at 4. However, in their Opposition, Defendants agree that the terms of the settlement agreement do not prevent Plaintiff and his family members from discussing the terms of the settlement with law enforcement, including the FBI. Opp'n at 6. Accordingly, Plaintiff is not prevented from speaking to FBI agents and this argument does not establish good cause to disclose publicly the terms of the settlement agreement.

Finally, Plaintiff claims that "Defendants' counsel's own stated reason for the need of a confidentiality clause, specifically that Board of Supervisor approval of the settlement could be challenged if the terms of the settlement became publicly known before it was approved, has now passed." Mot. at 4. Defendants argue that Plaintiff's argument is misleading, as there were many

reasons for Defendants to require a confidentiality clause. Opp'n at 7. In particular, Defendants maintain that they wanted to protect against what Plaintiff attempts to do now – disclose the amount of the settlement. *Id.* Defendants maintain that Plaintiff should not now be permitted to disclose the terms of the settlement, including the settlement amount, to imply to the public that Defendants admit wrongdoing. *Id.* The Court agrees that permitting Plaintiff to use the settlement amount as a means of validating his claims defeats the purpose of the settlement agreement. Plaintiff himself states that the settlement amount relates to proving the validity of his claims: "[T]he fact that Defendants were willing to pay the sum of taxpayer money that they did to settle Plaintiff's lawsuit is what validates Plaintiff's version of events. Simply put, the settlement is fundamental to Plaintiff's story." Reply at 2. As discussed above, by entering into a settlement with Plaintiff, Defendants gave up the right to defend themselves and to have a jury determine the validity of Plaintiff's claims. To permit Plaintiff or his wife to divulge the settlement amount, implying that Defendants thereby validated Plaintiff's version of the events, is inconsistent with the terms of the settlement agreement. [1]

Based on this analysis, the Court finds good cause does not exist to permit the public disclosure of the terms of the parties' settlement agreement. Accordingly, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 6, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Defendants also contend that Plaintiff improperly relies on confidential settlement discussions, which they argue are not admissible for any purpose under Federal Rule of Evidence 408. Opp'n at 7. The Court disagrees that settlement discussions are never admissible. *See, e.g. Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005) ("By its terms, the rule forbids admission of evidence only when it is offered to prove "liability for or invalidity of the claim or its amount." *See* Advisory Committee's Note, Fed. R. Evid. 408. The district court has broad discretion to admit evidence for a purpose other than proving liability.") However, it need not consider this argument because Plaintiff has failed to establish good cause for public disclosure of the settlement amount.